[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 13, 1992 Date of Application August 26, 1992 Date Application Filed August 31, 1992 Date of Decision April 27, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G.A. 16. Docket No. CR92-73269.
Joseph F. Elder, Esq. Defense Counsel, for Petitioner
 John Dropick, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of nolo contendere petitioner was convicted of risk of injury to a minor in violation of General Statutes 53-21.
A sentence of eight years, execution suspended after four years, with five years probation was imposed. Conditions of probation included no contact with any children under eighteen years of age.
The facts underlying petitioner's conviction may be summarized as follows:
In January, 1992, petitioner's grandchild had been admitted to the pediatric intensive care unit at John Dempsey Hospital. Petitioner had brought the child to the hospital complaining that it was suffering from seizures. Petitioner remained at the child's bedside night and day. At approximately 4:30 a.m. a nurse on duty observed petitioner CT Page 5018 leaning over the baby's crib. Petitioner was then observed placing both hands on the baby's right leg and making a sudden motion on the lower leg. The baby immediately cried out. Subsequent radiological examinations determined that the baby had suffered a spiral fracture of the right leg. Examination revealed that the child had also suffered other broken bones. Doubts were raised as to whether these fractures were accidental.
Petitioner's attorney requested a reduction in sentence. He remarked on a psychological evaluation prepared by Timothy J. H. Paisey, a licensed psychologist, who stated that petitioner exhibited symptoms of Munchausen Syndrome by Proxy (MSP). In this syndrome, a parent or, as here, a grandparent, causes unnecessary medical treatment to be provided to a child (the proxy). In his report, Dr. Paisey indicates that MSP is a rare condition not formally identified or described in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders. A diagnosis of MSP is not made on the basis of psychological testing but, rather, on the match between known facts and history of the case and known features of MSP. Dr. Paisey concluded that petitioner suffered from this condition to an extreme degree. The doctor went on to state that there was no evidence that extreme MSP could be treated by psychotherapy.
Petitioner's attorney argued that the sentencing procedure was unfair since the judge would not allow him to continue the matter so that petitioner could be examined by a psychologist who, it was claimed, would state that her condition was treatable. It was argued that this information would or could have resulted in a reduced sentence or probation. The attorney also argued that the judge's conclusion that petitioner would not obey orders to remain away from designated children was unfounded. The attorney stated that under the circumstances the sentence was disproportionate and should be reduced. He argued for a reduction of one year coupled with mandatory counseling.
The state's attorney argued against any reduction in sentence. He argued that the sentence was reasonable and was designed primarily to protect the children.
A review of the transcript indicates that the CT Page 5019 sentencing judge was quite concerned about petitioner's future conduct and the danger it might pose to her grandchildren. There was no indication that a suspended sentence would afford these children adequate protection from petitioner. The sentence imposed appears to be reasonable in light of the evidence, the character of petitioner and the need to protect innocent parties. Considering the sentence objectively in view of the criteria set forth in Practice Book 942 the sentence does not appear to be inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.